# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PRIEST D. BUTLER,**
            **Plaintiff,**

        **v.**                                                **Case No. 07C1096**

**CITY OF MILWAUKEE, MILWAUKEE**
**COUNTY, STATE OF WISCONSIN, and**
**MILWAUKEE POLICE COMMISSION,**
            **Defendants.**

---

## DECISION AND ORDER

Plaintiff Priest Butler, proceeding pro se, has filed this action under 28 U.S.C. §
1983 against defendants City of Milwaukee, Milwaukee County, the State of Wisconsin,
and the Milwaukee Police Commission, alleging that they violated his civil rights in
connection with failing to investigate an alleged crime perpetrated against plaintiff. Plaintiff
seeks $25 million in damages. Ordinarily, a plaintiff must pay a statutory filing fee of $350
to bring an action in federal court.  28 U.S.C. § 1914(a).  Plaintiff, however, has requested
leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal
courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner
plaintiffs and to plaintiffs who are incarcerated, Floyd v. U.S. Postal Serv., 105 F.3d 274,
275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners
have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened
requirements of the Prison Litigation Reform Act do not apply because plaintiff is not
incarcerated.  See West v. Macht, 986 F.Supp. 1141, 1142-43 (W.D. Wis. 1997).

Under § 1915, an indigent party may commence a federal court action, without prepaying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence and has stated the nature of the action and his belief that he is entitled to relief. The affidavit sufficiently demonstrates plaintiff's inability to pay, as plaintiff, despite diligent efforts to seek employment, currently remains unemployed and without assets. Therefore, I will allow plaintiff to proceed without prepayment of fees and costs.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). A district court may screen a complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim upon which relief may be granted or it seeks monetary relief from a defendant who is immune from such relief. Id.; 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual

Case 2:07-cv-01096-LA    Filed 01/30/08    Page 2 of 5    Document 7

allegations contained in the complaint.  <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person acting under color of state law.  <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  I am obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction.  <u>See Erickson</u>, 127 S. Ct. at 2200 (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  I will grant plaintiff leave to proceed if there is an arguable basis for his claim in fact and law.  <u>Neitzke</u>, 490 U.S. at  325.

Plaintiff, an African-American, alleges that two individual caucasian police officers refused to investigate a crime in which plaintiff was severely beaten.  Additionally, plaintiff alleges that other members of the Milwaukee Police Department, as well as the District Attorney's office, failed to cooperate in his efforts to obtain information regarding the investigation.   Plaintiff argues that all of these actions, or failures or refusals to act, constitute impermissible discrimination in violation of his rights to equal protection of the law.

Plaintiff's complaint does not name any of the individuals described in the complaint as responsible for the alleged violations as defendants, but instead names only the City of Milwaukee, Milwaukee County, the State of Wisconsin, and the Milwaukee Police Commission.  Regarding the State of Wisconsin, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."  <u>Lapides v. Bd. of Regents</u>, 535 U.S. 613, 617 (2002) (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989)).  Regarding the Milwaukee Police Commission, it is not a suable entity under Wisconsin law.

3

<u>Grow v. City of Milwaukee</u>, 84 F. Supp. 2d 990, 995-96 (E.D. Wis. 2000).  Rather the City of Milwaukee would be the appropriate defendant.  <u>Id.</u>

However, even though the City of Milwaukee is a "person" under § 1983 and therefore could be an appropriate defendant, plaintiff still fails to state a claim against the city.  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  <u>Vance v. Peters</u>, 97 F.3d 987, 991 (7th Cir. 1996).  Supervisory or <u>respondeat</u> <u>superior</u> liability does not exist under § 1983.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).  In other words, a city cannot be held liable merely because it employs an individual who "caused a constitutional tort."   <u>Id.</u> Thus, to state a claim against a municipality, a plaintiff must allege

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

<u>Palmer v. Marion County</u>, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).  Plaintiff has not suggested or stated any facts allowing an inference that the alleged violation of his constitutional rights occurred at the direction, or with the knowledge and consent, of the City of Milwaukee, or occurred at the direction of an officer with final policy making authority.  For the same reasons, plaintiff also fails to state a claim against Milwaukee County.

Plaintiff also alleges facts that could possibly constitute a cause of action under Wisconsin's open records statute, Wis. stat. § 19.35.  However, because plaintiff's

4

complaint has failed to state a viable federal claim against any defendant, I cannot exercise jurisdiction over the state law claim at this time.

For the above reasons, I must dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. However, I will allow plaintiff thirty days from the date of this order to file an amended complaint in accordance with this decision. Should plaintiff fail to file an amended complaint within that time, I will dismiss plaintiff's case with prejudice.

Therefore,

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

**IT IF FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint within thirty (30) days of this order.

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amended complaint within thirty days of this order will result in dismissal of the present action without further order of the court.

Dated at Milwaukee, Wisconsin this 29 day of January, 2008.

/s_____
LYNN ADELMAN
District Judge