UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRIEST D. BUTLER,
    Plaintiff,

v.                                         Case No. 07C1096

CITY OF MILWAUKEE, MILWAUKEE
COUNTY, STATE OF WISCONSIN, and
MILWAUKEE POLICE COMMISSION,
    Defendants.

## DECISION AND ORDER

Plaintiff Priest Butler, proceeding pro se, brought this action under 42 U.S.C. § 1983 against defendants City of Milwaukee, Milwaukee County, the State of Wisconsin, and the Milwaukee Police Commission, alleging that they violated his civil rights in connection with failing to investigate an alleged crime perpetrated against plaintiff. Plaintiff seeks $25 million in damages.

In an order dated January 29, 2008, I granted plaintiff's request to proceed in forma pauperis. In that same order, however, I noted that plaintiff's complaint failed to state a claim against any of the named defendants. Specifically, the State of Wisconsin and the Milwaukee Police Commission were not proper defendants in the action. Additionally, the complaint was devoid of facts that would suggest that any alleged consitutional violation occurred at the direction, or with the knowledge and consent, of the municipal defendants, the City of Milwaukee and Milwaukee County. I allowed plaintiff additional time to file an amended complaint.

Plaintiff has since filed an amended complaint, which I will now screen. District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). A district court may screen a complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim upon which relief may be granted or it seeks monetary relief from a defendant who is immune from such relief. Id.; 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). I will grant plaintiff leave to proceed if there is an arguable basis for his claim in fact and law. Neitzke v. Williams, 490 U.S. 319, 325.

Plaintiff's amended complaint differs from the original complaint only in named defendants: specifically, plaintiff's amended complaint names only the City of Milwaukee as a defendant. However, the amended complaint sets forth the same factual allegations as the original complaint, which, as discussed in my January 29, 2008 Order, failed to state a claim against the City of Milwaukee.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Supervisory or respondeat superior liability does not exist under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). In other words, a city cannot be held liable merely because it employs an individual who "caused a constitutional tort." Id. Thus, to state a claim against a municipality, a plaintiff must allege

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).

Plaintiff's original complaint did not state any facts allowing an inference that the alleged violation of his constitutional rights stemmed from any express policy of or widespread practice within the City of Milwaukee, or occurred at the direction of a City of Milwaukee officer with final policy-making authority. The amended complaint does not add any new factual allegations, and therefore is also deficient in this respect. Thus, plaintiff has failed to state a claim against the City of Milwaukee.

3

Plaintiff's additional filings also allege facts that could possibly constitute a cause of action under Wisconsin's open records statute, Wis. stat. § 19.35. However, because plaintiff's amended complaint has failed to state a viable federal claim against the defendant, I cannot exercise jurisdiction over the state law claim at this time.

**Therefore,**

**IT IS ORDERED** that this action is **DISMISSED** .

Dated at Milwaukee, Wisconsin this 23 day of April, 2008.

/s
LYNN ADELMAN
District Judge

4